### Fraudulent Representations—Property Value.

GORDON v. BUTLER, U. S. Sup. Ct. Oct. Term, 1881.   Error to the circuit court
of the United States for the northern district of New York.   This was an
action for alleged fraud in obtaining a loan upon insufficient security.   The
decision was rendered in the supreme court May 8, 1882.    Mr. Justice *Field*
delivered the opinion of the court, reversing the judgment and remanding the
cause for a new trial.

The law does not hold one responsible for the extravagant notions he may
entertain of the value of property dependent upon its future successful exploit-
ation, or the result of future enterprises; nor for expressing them to one ac-
quainted with its general character and condition.   The law does not fasten
responsibility upon one for expressions of opinion as to matters in their nature
conjectural and uncertain.  A statement of an opinion assigning a certain value
to property, like a mine or quarry not yet opened, is not to be pronounced
fraudulent because the property upon subsequent development may prove to
be worthless; nor is it to be pronounced honest because the property may turn
out of much higher value.   Whenever property of any kind depends for its
value upon contingencies which may never occur, or developments which may
never be made, opinion as to its value must necessarily be more or less of a
speculative character; and no action will lie for its expression, however falla-
cious it may prove, or whatever the injury a reliance upon it may produce;
but for opinions upon matters capable of accurate estimation by application
of mathematical rules or scientific principles, such as the capacity of boilers
or the strength of materials, or for opinions of parties possessing special
learning or knowledge upon the subject, the case may be different; and for
false statements, where deception is designed, and injury has followed from
reliance on them, an action may lie.

Leslie W. Russell, for plaintiff in error.

Harry Bingham and A. X. Panser, for defendant in error

Case cited: Holbrook v. Connor, 60 Me. 578.

### Internal Revenue.

UNITED STATES v. RINDSKOPF, U. S. Sup. Ct. Oct. Term, 1881.   Error to
the circuit court of the United States for the eastern district of Wisconsin.
The decision of the supreme court was rendered on April 24, 1882.   Mr. Jus-
tice *Field* delivered the opinion of the court, reversing the decision of the cir-
cuit court and remanding the case for a new trial.

The assessment of the commissioner of internal revenue was only *prima
facie* evidence of the amount due as taxes upon the spirits distilled between
the dates mentioned.  It established a *prima facie* case of liability, and if not
impeached it was sufficient to justify a recovery; but every material fact
upon which his liability was asserted was open to contestation.   The distiller
and his sureties were at liberty to show that no spirits, or a less quantity than